UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEONARD THURMAN                                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 3:26-CV-321-KHJ-MTP

PAUL RAY GRANDERSON                                               DEFENDANT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [6] Report and Recommendation. R. & R. [6]. The [6] Report recommends dismissing without prejudice pro se Plaintiff Leonard Thurman's ("Thurman") [1] Complaint for lack of subject-matter jurisdiction. *Id.* at 1.

This case is about an argument between two neighbors. *See generally* Compl. [1]. As Thurman tells it, he was talking on his cell phone at another neighbor's house when Defendant Paul Ray Granderson ("Granderson") "jumped up off the couch" and "done a double fist upper cut" to his chin "trying to snap [his] head off." *Id.* at 4. Thurman sought medical treatment for loose teeth and psychological injury. *Id.* at 5. A few months after the brawl, Thurman filed this Section 1983 lawsuit against Granderson. *Id.* at 1. He demands compensatory damages and various other forms of relief including Granderson's vehicles, jewelry, and "collectibles." *Id.* at 5.

The [6] Report recommends dismissing the [1] Complaint without prejudice for lack of subject-matter jurisdiction. [6] at 1. Written objections to the [6] Report

were due by June 22, 2026. *See id.* at 7. The [6] Report notified Thurman that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.*

Thurman did not object to the [6] Report. Instead, he filed three motions retelling his story and asking the Court to appoint him an attorney or allow him time to retain one. *See* Mot. [7]; Mot. [8]; Mot. [9]. The Court declines to do so.

In the absence of timely objections, the Court reviews the [6] Report under a "clearly erroneous, abuse of discretion, and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam) (citation modified). And when ruling on the [6] Report, the Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

Section 1983 is not Thurman's path to vindication. He never alleges Granderson was a state actor or that any other state actor injured him. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (private conduct "no matter how discriminatory or wrongful" is not actionable under Section 1983); [1] at 2 (listing Granderson's job as "retired"). Even under the most liberal reading, Thurman's allegations do not concern Section 1983 or any other federal statute. So, even though Thurman references federal law, any federal claims are "so attenuated and unsubstantial" that this Court lacks jurisdiction to entertain them. *See Phan v. Aurora Med. Ctr. of Colo. for Buchanan*, No. 23-20343, 2024 WL 890125, *1 (5th Cir. Mar. 1, 2024) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

Finding the [6] Report neither clearly erroneous, contrary to law, nor an abuse of discretion, the Court ADOPTS it and DISMISSES this case without prejudice. The pending [7, 8, 9] Motions, as well as the [5] Motion for Order to Show Cause are moot.

The Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 26th day of June, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE